IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TOMMY MARION, | * |
| Plaintiff, | * |
| v. | * Case No. 4:23-cv-00150 |
| PRINCIPAL LIFE INSURANCE COMPANY and NICKY B. THOMPSON, | * |
| Defendants. | * |

**COMPLAINT**

Plaintiff, Tommy Marion ("Marion"), through undersigned counsel, for his Complaint against Defendants Principal Life Insurance Company ("Principal") and Nicky B. Thompson ("Thompson"), alleges as follows:

PARTIES

1. Marion maintains a primary residence and is domiciled in Silver Spring, Maryland, and is a citizen of the State of Maryland within the meaning and intent of 28 U.S.C. § 1332.

2. Principal is a corporation organized under the laws of the State of Iowa that maintains its principal place of business in Des Moines, Iowa, and is a citizen of the State of Iowa within the meaning and intent of 28 U.S.C. § 1332.

3. Thompson maintains a primary residence and is domiciled in Houston, Texas and is a citizen of the State of Texas within the meaning and intent of 28 U.S.C. § 1332.

## JURISDICTION AND VENUE

4. This action is brought pursuant to 28 U.S.C. § 1332(a) as Plaintiff and all defendants are citizens of different states and the amount in controversy is greater than $75,000.

5. Venue is proper in the United States District Court for the Southern District of Texas because Thompson is located there and materials events related to this action occurred within this district and division.

## FACTUAL ALLEGATIONS

6. John Thompson (the "Insured") was insured under a life insurance policy issued by Principal, namely Policy Number 6679074 (the "Policy"), with a face amount of $750,000.

7. On information and belief, the Insured designated Marion as a beneficiary of the Policy's death benefit.

8. On information and belief, Thompson, or someone acting for his benefit, completed and submitted to Principal a fraudulent document purporting to remove Marion as beneficiary of the Policy and make Thompson the sole beneficiary.

9. The Insured died on August 18, 2022.

10. After the Insured's death, Marion contacted Principal on August 22, 2022, to inform them of the Insured's death and make a claim for the Policy's death benefit. However, Principal advised him that he was no longer the beneficiary because it had been changed to Thompson.

11. During the call, Marion advised Principal that the Insured had not removed him as beneficiary of the Policy.

12. During that call, Marion also asked for a claim form, which Principal provided along with instructions on how to submit a claim.

13. On October 26, 2022, Marion submitted a completed and signed Individual Life Insurance Claim Form and Beneficiary Statement to Principal.

14. On November 11, 2022, in response to Marion's claim, Principal advised counsel for Marion that Thompson was paid the entire death benefit on October 12, 2022.

15. On December 19, 2022, counsel for Principal confirmed to counsel for Marion that while Marion was at one time the beneficiary, at the time of the Insured's death Thompson was listed as the only beneficiary.

16. The Insured was also insured under a life insurance policy issued by United States Life Insurance Company in the State of New York ("U.S. Life"), namely Policy Number 4170155001 (the "U.S. Life Policy"), with a face amount of $750,000.

17. On or about April 20, 2018, the Insured designated both Marion and Thompson as irrevocable primary beneficiaries of the U.S. Life Policy, with each set to receive 50% of the death benefit.

18. Because Marion was designated as an irrevocable beneficiary of the U.S. Life Policy, he could only be removed as beneficiary if he agreed so in writing, pursuant to the terms of the U.S. Life Policy.

19. On information and belief, on August 6, 2022, without the participation, knowledge, or authorization of Marion, Thompson, or someone acting for his benefit, completed and submitted to U.S. Life a fraudulent beneficiary change form purporting to increase Thompson's beneficiary percentage from 50% to 85%, and decreasing Marion's percentage from 50% to 15%.

20. Marion's signature was forged on that document.

## CAUSES OF ACTION

21. Marion incorporates the allegations in the foregoing paragraphs 1-20 by reference as if set forth fully herein.

### COUNT I
### Declaratory Judgment
*Against all Defendants*

22. An actual controversy has arisen and exists between Marion, Principal and Thompson as to whether Marion is entitled to the death benefit of the Policy.

23. Thus, there exists an actual, justiciable controversy between the parties and the Court is empowered to declare and adjudicate the legal rights of the parties with respect to the death benefit at issue.

24. Marion desires and hereby requests a judicial determination that he is the rightful beneficiary of the death benefit, and/or that any unlawful ownership or beneficiary designation transactions attempting to deprive him of his rightful interests in the death benefits are invalid as a matter of law.

25. Marion desires and hereby requests a judicial determination that he is entitled to the death benefit and applicable interest.

### COUNT II
### Unjust Enrichment
*Against Thompson Only*

26. On information and belief, Thompson, or someone acting for his benefit, facilitated the completion and submission to Principal of a fraudulent beneficiary change form that was not signed by the Insured, in an effort to defraud Marion.

27. Through the fraudulent or unauthorized actions of Thompson, or someone acting for his benefit, Thompson was unjustly enriched by his receipt of the $750,000 death benefit that was not rightfully his.

28. The enrichment of Thompson by his receipt of the $750,000 death benefit was done so at the sole expense of Marion.

29. It would be unjust to allow the Thompson to retain the $750,000 death benefit under these circumstances.

## COUNT III
### Fraud
*Against Thompson Only*

30. On information and belief, without the knowledge or authorization of the Insured, Thompson facilitated the completion and/or submission to Principal a beneficiary change form that contained a forged signature for the Insured, for the purpose of Thompson obtaining the entire death benefit instead of Marion.

31. On information and belief, Thompson forged the Insured's signature, changed the sole beneficiary of the death benefit from Marion to Thompson, all without the Insured's knowledge or consent.

32. Thompson made these representations to Principal knowing they were material and false, and for the specific purpose of benefitting himself financially to the detriment of Marion.

33. As a result of the fraudulent actions of Thompson, Marion was prevented from receiving the death benefit payment of $750,000, plus applicable interest.

34. As a result of the fraudulent actions of Thompson, Marion has been damaged.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Tommy Marion, prays for judgment in his favor, costs, interest, attorney's fees to the extent authorized, exemplary damages against Thompson for fraud, and any other relief deemed just and proper.

DATED this 16th day of January, 2023.

Respectfully submitted,

*/s/* William J. Perry
William J. Perry (LSBA No. 19100)
Southern District Federal I.D. No. 360857
Michael J. Hoover (TX No. 24132888)
Southern District Federal I.D. No. 2934952
Interpleader Law, LLC
5800 One Perkins Place Dr., Suite 2A
Baton Rouge, LA 70808
Phone: (225) 246-8706
Fax: (888) 200-3530
Email: william.perry@interpleaderlaw.com
         michael.hoover@interpleaderlaw.com

*Attorneys for Plaintiff, Tommy Marion*