IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TOMMY MARION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-23-0150 |
| | § | |
| PRINCIPAL LIFE INSURANCE | § | |
| COMPANY and NICKY B. THOMPSON, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Tommy Marion ("Plaintiff") brought this action against the
Principal Life Insurance Company ("PLIC") and Nicky Thompson
("Thompson").[1]   Plaintiff alleges that Thompson fraudulently
removed Plaintiff as the beneficiary on a life insurance policy
taken out by the now-deceased John Thompson ("the Insured").
Plaintiff asserts claims of unjust enrichment and fraud against
Thompson and seeks declaratory judgment that Plaintiff is the
rightful beneficiary.  Pending before the court is Defendant Nicky
Thompson's Motion to Dismiss ("Thompson's MTD") (Docket Entry
No. 28).  For the reasons stated below, Defendant's MTD will be
granted, and Plaintiff will be granted leave to amend.

---

[1]Complaint, Docket Entry No. 1, p. 1.  For purposes of
identification, all page numbers refer to the pagination imprinted
at the top of the page by the court's Electronic Case Filing
("ECF") system.

## I.  **Background**

The Insured owned a life insurance policy issued by PLIC with a face amount of $750,000 ("the PLIC Policy").[2]  The Insured initially designated Plaintiff as the beneficiary of the PLIC Policy's death benefit.[3]  Plaintiff alleges that "Thompson, or someone acting for his benefit, completed and submitted to Principal a fraudulent document purporting to remove [Plaintiff] as beneficiary of the [PLIC] Policy and make Thompson the sole beneficiary."[4]  Following the Insured's death, Plaintiff contacted PLIC to make a claim, and PLIC "advised [Plaintiff] that he was no longer the beneficiary because it had been changed to Thompson."[5]  Plaintiff submitted a claim, but PLIC paid the death benefit to Thompson.[6]

Plaintiff also references an insurance policy that the Insured had with the United States Life Insurance Company ("the U.S. Life Policy").[7]  Plaintiff alleges that the Insured designated him and Thompson as 50% irrevocable beneficiaries of the U.S. Life Policy and that Thompson forged Plaintiff's signature to reduce his beneficiary share from 50% to 15%.[8]

---

[2]Complaint, Docket Entry No. 1, p. 2 ¶ 6.

[3]Id. ¶ 7.

[4]Id. ¶ 8.

[5]Id. ¶ 10.

[6]Id. 3 ¶¶ 13-14.

[7]Id. ¶ 16.

[8]Id. ¶¶ 17-19.

Plaintiff filed this action on January 16, 2023.[9] The Complaint asserts claims of unjust enrichment and fraud against Thompson.[10] The Complaint also requests declaratory judgment against PLIC and Thompson that Plaintiff is the rightful beneficiary of the PLIC Policy and that he is entitled to its death benefit.[11] Plaintiff does not appear to assert any claims based on the U.S. Life Policy. PLIC has been voluntarily dismissed.[12] Thompson filed his MTD on July 7, 2023.[13] Thompson argues that Plaintiff lacks standing to challenge the beneficiary change and, in the alternative, that Plaintiff inadequately pleads his fraud and unjust enrichment claims.[14] Plaintiff filed his Opposition to Motion to Dismiss ("Plaintiff's Response") (Docket Entry No. 30) on July 21, 2023. Plaintiff argues that he has standing and that he has adequately pled all of his claims.[15] In the alternative, he requests leave to amend any pleading deficiencies.[16] Thompson filed

---

[9]Id. at 1.

[10]Id. at 4 ¶ 26; 5 ¶ 30.

[11]Id. at 4 ¶¶ 24-25.

[12]Joint Stipulation of Dismissal of All Claims Against Defendant Principal Life Insurance Company with Prejudice, Docket Entry No. 17, p. 1.

[13]Thompson's MTD, Docket Entry No. 28.

[14]Id. at 4-5.

[15]Plaintiff's Response, Docket Entry No. 30, p. 1.

[16]Id. at 6.

his Reply in Support of Motion to Dismiss (Docket Entry No. 31) on July 28, 2023.

## II.  Legal Standard

### A.  Standing

"Standing is a component of subject matter jurisdiction, and it is properly raised by a motion to dismiss under Rule 12(b)(1)." Consumer Data Industry Association v. Texas through Paxton, 564 F. Supp. 3d 506, 512 (W.D. Tex. 2021).  Constitutional standing limits federal courts' jurisdiction to "Cases" and "Controversies." Lujan v. Defenders of Wildlife, 112 S. Ct. 2130, 2136 (1992).  The Supreme court has interpreted this to require a plaintiff to show: (1) an "injury in fact," (2) "a causal connection between the injury and the conduct complained of," and (3) a likelihood "that the injury will be redressed by a favorable decision."  Id. (internal quotation marks omitted).  An injury in fact is "an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) actual or imminent, not conjectural or hypothetical."  Id. (internal quotation marks omitted).

"A plaintiff must demonstrate standing 'with the manner and degree of evidence required at the successive stages of the litigation.'"  TransUnion LLC v. Ramirez, 141 S. Ct. 2190, 2208 (2021) (quoting Lujan, 112 S. Ct. at 2136.).  "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we

-4-

'presum[e] that general allegations embrace those specific facts that are necessary to support the claim.'" <u>Lujan</u>, 112 S. Ct. at 2137 (quoting <u>Lujan v. National Wildlife Federation</u>, 110 S. Ct. 3177, 3189 (1990)).  But "a 12(b)(1) factual attack on the court's subject matter jurisdiction may be based on '(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" <u>Kling v. Hebert</u>, 60 F.4th 281, 284 (5th Cir. 2023) (quoting <u>Ramming v. United States</u>, 281 F.3d 158, 161 (5th Cir. 2001)).

"While a court must dismiss a case over which it has no jurisdiction whenever a fatal defect appears, leave to amend defective allegations of subject matter jurisdiction should be freely given." <u>Watkins v. Lujan</u>, 922 F.2d 261, 264 (5th Cir. 1991).

## B.   Pleading Standards Under Rules 8(a) and 9(b)

Under Federal Rule of Civil Procedure 8(a), a "pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955, 1974 (2007)).

Rule 9(b) provides a heightened pleading standard for allegations of fraud or mistake: "a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). This means that "'the who, what, when, and where [of the allegedly fraudulent statements must] be laid out before access to the discovery process is granted." Elson v. Black, 56 F.4th 1002, 1009 (5th Cir. 2023). This applies to allegations of forgery as well. See Bynane v. Bank of New York Mellon for CWMBS, Inc. Asset-Backed Certificates Series 2006-24, 866 F.3d 351, 360-61 (5th Cir. 2017).

### III.   Analysis

**A.    Standing**

Thompson makes a factual attack on Plaintiff's standing.[17] In support, Thompson cites two change of beneficiary forms accepted by PLIC. The first, dated November 5, 2019, removed Plaintiff as a beneficiary and designated two beneficiaries — Thompson and Tiffany Mitchell.[18] The second change, dated August 10, 2021, removed

---

[17]In addition to his factual attack, Thompson cites authority holding that a revocable insurance beneficiary lacks a vested contract interest and therefore lacks standing to challenge an insured's decision to designate a new beneficiary. See Weaver v. Metropolitan Life Insurance Co., 939 F.3d 618, 627 (5th Cir. 2019). But this rule has no application when a plaintiff alleges that the beneficiary change was not voluntarily executed by the insured. See Cobb v. Justice, 954 S.W.2d 162, 168 (Tex. App.—Waco 1997) (collecting cases and holding that a prior beneficiary had standing to challenge her removal on basis of undue influence).

[18]PLIC Beneficiary Change, Appendix 1, Exhibit B to Thompson's MTD, Docket Entry No. 28-1, pp. 36-37, 39.

Mitchell and designated Thompson as the sole beneficiary.[19]  This contradicts the Complaint's allegation that "a" document removed Plaintiff and made Thompson sole beneficiary in that the change was accomplished through two beneficiary changes, not one.[20]

Thompson argues that because Plaintiff was no longer a beneficiary when the second change occurred, he was not injured by it.[21]  Plaintiff responds that "the Complaint specifically alleges that [Plaintiff] was the named beneficiary when Thompson improperly removed him."[22]  But Thompson is permitted to make a factual attack on standing in a Rule 12(b)(1) motion, and Plaintiff does not address the evidence that there were two beneficiary changes.

Plaintiff lacks standing if he only challenges one of the two beneficiary changes.  To obtain the relief that he seeks, Plaintiff must show that he is still the rightful beneficiary.  Plaintiff can only do so by challenging both the 2019 and 2021 beneficiary changes because neither change designated him as a beneficiary.  If either one is valid, Plaintiff is no longer the rightful beneficiary.  The Complaint only mentions one beneficiary change to the PLIC Policy.  Therefore under the unrebutted evidence offered by Thompson, Plaintiff's standing allegations are deficient.  Thompson's MTD will therefore be granted as to standing.

---

[19]Id. Exhibit D, pp. 41-42, 44.

[20]Complaint, Docket Entry No. 1, p. 2 ¶ 8.

[21]Thompson's MTD, Docket Entry No. 28, p. 5.

[22]Plaintiff's Response, Docket Entry No. 30, p. 6.

Plaintiff requests leave to amend any pleading deficiencies. When dismissing a complaint for lack of subject matter jurisdiction, courts should freely grant leave to amend defective standing allegations. See Watkins, 922 F.2d at 264; 5B Wright & Miller, Federal Practice and Procedure (3d ed. 2004) § 1350 pp. 204-05. It appears that Plaintiff was under the impression that the change of beneficiary from Plaintiff to Thompson was accomplished by a single document rather than two.[23] But as Plaintiff notes, he now "has access to [PLIC]'s claim file."[24] If Plaintiff amends to address both beneficiary changes, his standing would no longer be deficient. Moreover, this is a relatively new case, and Plaintiff has not filed any amended complaints. The court will therefore grant Plaintiff leave to amend by September 26, 2023.

## B.  Claim Pleading

Thompson also makes several challenges to the adequacy of Plaintiff's pleadings. First, he argues that Plaintiff's forgery allegations do not meet the heightened pleading standard of Rule 9(b).[25] Second, he argues that Plaintiff's fraud claim

---

[23]Complaint, Docket Entry No. 1, p. 2 ¶ 8 ("Thompson, or someone acting for his benefit, completed and submitted to Principal a fraudulent document"), ¶ 10 ("Principal advised [Plaintiff] that he was no longer the beneficiary because it had been changed to Thompson.").

[24]Plaintiff's Response, Docket Entry No. 30, p. 6.

[25]Thompson's MTD, Docket Entry No. 28, p. 7.

-8-

improperly names "Thompson, or someone acting for his benefit" as
the forger rather than Thompson.[26]  Third, he argues that a Texas
fraud claim requires that the plaintiff relied on the defendant's
fraudulent statement.[27]  Fourth, he argues that Plaintiff's unjust
enrichment claim fails because it is based on the same fraud
allegations that do not satisfy the Rule 9(b) pleading standard.[28]

1.  <u>Rule 9(b) and Plaintiff's Forgery Allegations</u>

Rule 9(b) require that a pleader set out the "'who, what,
when, and where'" of the fraudulent statements. <u>Elson</u>, 56 F.4th at
1009.  Thompson argues that Plaintiff has not met this bar.
Thompson relies on <u>Bynane</u>, 866 F.3d 360, but unlike the plaintiff
in that case, Plaintiff identifies Thompson as the alleged forger.
Thompson cites no authority that the phrase "or someone acting for
his benefit" renders a fraud allegation deficient under Rule 9(b).
The "what" is also sufficiently alleged:  "a fraudulent document
purporting to remove [Plaintiff] as beneficiary of the Policy and
make Thompson the sole beneficiary."[29]  However, Plaintiff fails
to allege the "when" and "where."  Even though liability ultimately
depends on <u>whether</u> the beneficiary changes were fraudulent rather

---

[26]<u>Id.</u> at 9.

[27]<u>Id.</u> at 10.

[28]<u>Id.</u> at 10-11.

[29]Complaint, Docket Entry No. 1, p. 2 ¶ 8.

-9-

than the time and place, the law is clear that Rule 9(b) requires Plaintiff to plead these details.  Thompson's MTD will therefore be granted as to compliance with the Rule 9(b) pleading standard.  If Plaintiff chooses to amend to cure his standing deficiency, his amended complaint's fraud or forgery allegations must comply with Rule 9(b).

    2.  <u>Liability for Another Person's Forgery</u>

Thompson argues that Plaintiff fails to allege a theory by which Thompson could be liable for the actions of "someone acting for his benefit."[30]  The court is not persuaded that this is a basis for dismissing the Complaint.  The court agrees with Plaintiff that this qualifier "is designed to account for the possibility that Thompson had help from someone else in carrying out his fraudulent act and does not negate that he is identified as the primary perpetrator."[31]  No amendment is required in response to this argument.

    3.  <u>Plaintiff's Reliance on the Alleged Fraud</u>

A plaintiff asserting a fraud claim under Texas law must show that he relied on the fraudulent statement or action to his detriment.  See <u>JPMorgan Chase Bank, N.A. v. Orca Assets G.P., L.L.C.</u>, 546 S.W.3d 648, 653 (Tex. 2018).  Plaintiff has not

---

[30]Thompson's MTD, Docket Entry No. 28, p. 9.

[31]Plaintiff's Response, Docket Entry No. 30, p. 5.

identified any statement by Thompson on which Plaintiff, rather than PLIC, relied. Although Plaintiff challenges the application of this requirement, he cites no authority making an exception in this context.[32] Thompson's MTD will be granted as to this element of Plaintiff's fraud claim.

### 4. Plaintiff's Unjust Enrichment Claim

Finally, Thompson argues that Plaintiff's unjust enrichment claim fails because it is based on allegations of forgery that do not comply with Rule 9(b). The court agrees, and Thompson's MTD will be granted as to Plaintiff's unjust enrichment claim. However, this will be cured if Plaintiff files an amended complaint that alleges the forgery in compliance with Rule 9(b).

### IV. Conclusion and Order

The court concludes that Plaintiff's standing allegations are deficient, his forgery allegations do not fully comply with Rule 9(b), his fraud claim lacks an allegation of reliance, and his unjust enrichment claim is based on the forgery allegations that do not comply with Rule 9(b). Defendant Nicky Thompson's Motion to Dismiss (Docket Entry No. 28) is therefore **GRANTED**. However, amendment to cure these pleading deficiencies would not be futile, so Plaintiff's request for leave to amend is **GRANTED**. Plaintiff shall file an amended complaint by September 26, 2023, or this

---

[32]Id. at 5-6.

action will be dismissed.   If Plaintiff amends, any additional dispositive motion filed by Thompson must be a Rule 56 summary judgment motion, not a Rule 12 motion to dismiss.

   **SIGNED** at Houston, Texas, on this 6th day of September, 2023.


_____
                    SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE